## UNITED STATES ex rel. JAMES v. SHAUGHNESSY.

United States District Court
S. D. New York.
Sept. 26, 1952.

Markewich, Rosenhaus & Markewich, New York City, for petitioner.

Myles J. Lane, New York City, for respondent.

EDELSTEIN, District Judge.

The relator, while under an order of deportation, sued out a writ of habeas corpus principally upon the ground that the Attorney General abused his discretion in denying a request for discretionary relief by way of suspension of deportation. Upon the original argument of the writ, it was held that the relator had not been given a fair opportunity to meet issues posed by legislation passed after the conclusion of his hearings, the discretion of the administrative authority having been guided by policy considerations of the subsequent legislation. The writ was sustained unless within a stated time relator was afforded a hearing to enable him to meet any issues raised by that legislation. But the respondent has moved for reargument, and the motion is granted and the case will be decided on its merits. Upon a reconsideration, it becomes apparent that there are really no issues of fact for further hearing, even assuming a retroactive application of the new statute. Any new issues which might have arisen were essentially issues of law rather than fact, which could have been raised in argument during the administrative proceedings. Indeed, the relator did so raise such issues in argument, and the references to the subsequent legislation made in the Board's opinion were in the nature of comment upon such argument, rather than a truly retroactive application of the law.

Relator's chief contention is that discretionary relief was denied on the ground that he came within the terms of § 137 of Title 8 U.S.C., as amended, 8 U.S.C.A. § 137, as a subversive alien, and that the statute was misconstrued so as to apply to him. But if it had been determined that he was a subversive alien under that section, he would have been ineligible for discretionary relief. 8 U.S.C. § 155(d), 8 U.S.C.A. § 155(d). It was conceded that he was eligible to make application. The only issue, as framed by the Board of Immigration Appeals, was whether or not they should exercise their discretionary authority to grant him suspension of deportation. The conclusion was, on the basis of the entire record, that they could not grant it.

Review of this exercise of discretion is very narrowly limited. "The power of the Attorney General to suspend deportation is a dispensing power, like a judge's power to suspend the execution of a sentence, or the President's to pardon a convict. It is a matter of grace, over which courts have no review, unless * * * it affirmatively appears that the denial has been actuated by considerations that Congress could not have intended to make relevant." United States ex rel. Kaloudis v. Shaughnessy, 2 Cir., 180 F.2d 489, 491. Relator seems to contend that the denial of discretionary relief in his case was actuated by grounds which Congress could not have intended to make relevant, in that the radicalism which prevented the exercise of discretion in his favor was of an anti-Stalinist variety, while, it is urged, Con-

gress intended to make relevant only that radicalism involving the "world Communist movement * * * subservient to the most powerful existing Communist totalitarian dictatorship." 50 U.S.C. § 781 (6), 50 U.S.C.A. § 781(6). However, upon analysis, his actual contention is that he was placed, upon grounds which Congress did not intend to make relevant, within the class defined in § 137 and proscribed from eligibility for discretionary relief by § 155 (d). But, as indicated, he was not placed in that class, and his eligibility to apply for discretionary relief was conceded. Therefore, his argument is untenable, for it is an argument that he was denied discretionary relief on grounds that Congress did not intend to make relevant (conceding the intention, *arguendo*) to some other issue, namely, classification under § 137, and the grounds complained of were in fact not held relevant to that issue. Moreover, in so far as the Board was guided by the broad policy considerations of the Internal Security Act of 1950, I cannot agree that the statute limits discretion in the manner urged, for it refers to many classes of subversives, and mentions "any other form of totalitarianism". 8 U.S.C. § 137(2)(D), 8 U.S.C.A. § 137(2)(D).

The constitutional argument that if the Internal Security Act of 1950 is construed to permit a denial of suspension of deportation to an alien of anti-Stalinist proclivities, it contravenes the Fifth Amendment, is a variant of the argument that Congress did not intend to make such a consideration relevant in the exercise of discretion. The basic infirmity of relator's argument reappears. Whatever specific considerations Congress intended to be applied in the classification of aliens under § 137, they were not made applicable to the exercise of discretion in the suspension of deportation. Thus, in this case, at least, regardless of whether there is any "reasonable anticipation of hurt" from persons of relator's political stripe, the statute has not been construed, as relator argues, to require the deportation of all aliens who have presently and in the past gone on record as anti-Stalinist and who advocated the violent overthrow of the Soviet regime. It must be emphasized that the refusal to suspend

deportation was in the exercise of discretion, not pursuant to statutory directive.

A second constitutional issue is asserted on the ground of the First Amendment. It is argued that the Internal Security Act of 1950 is unconstitutional if it authorizes the Attorney General to deny the alien suspension of deportation because of his past and reasonably anticipated future utterances. Of course, the statute is not to be so read, nor do I read the Board's opinion as denying discretionary relief on the basis of utterances. It is true, however, that the opinion contains some language, in commenting upon the contention that relator was a writer rather than an "actionist", to the effect that "It is our impression that the world revolutionary movement has been founded and led by writers * * *." This comment must be regarded as a gratuitous statement of personal opinion, rather than as the basis for denial of discretionary relief. That relief was denied "on this record" considered as a whole. And I find no basis for judicial interference with the exercise of discretion.

Accordingly, the writ will be dismissed, but a stay of deportation will be granted pending the taking of an appeal.